```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                  CHARLOTTE DIVISION
                   3:06CV12-02-MU
                  (3:93CR-34-03-MU)
```

| | | |
|---|---|---|
| **JERRY SANDERS,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on the petitioner's fifth Motion To Vacate, Set Aside, Or Correct under 28 U.S.C. §2255, filed January 11, 2005. For the reasons stated herein, the petitioner's Motion to Vacate shall be <u>dismissed</u> as successive.

According to this Court's records, on September 8, 1994, the petitioner appeared before the Court and tendered his guilty plea to the charge of conspiracy to possess with intent to distribute, and to distribute cocaine, in violation of 21 U.S.C. §§841 and 846. Consequently, on November 6, 1995, this Court convicted the petitioner of that offense, and sentenced him to a term of 188 months imprisonment.

The petitioner directly appealed his case to the Fourth Circuit Court of Appeals. However by an Order filed June 12, 1997, the Fourth Circuit affirmed the petitioner's conviction and

sentence.

Thereafter, on January 23, 1998, the petitioner filed his first Motion to Vacate under 28 U.S.C. §2255 (case # 3:98CV30) challenging, <u>inter alia</u>, this Court's finding that he was a career offender. Nevertheless, on June 2, 1998, this Court denied the petitioner's Motion. The petitioner appealed that determination, but on August 13, 1999, the Fourth Circuit affirmed this Court's decision.

Next, on February 9, 2000, the petitioner filed a Petition under 28 U.S.C. §2241 in the United States District Court for the Souther District of Florida, again seeking to challenge his career offender status. However, inasmuch as that Court determined that the subject Petition was nothing more than a thinly-veiled attempt to collaterally attack his sentence, that Petition was transferred to this Court for resolution (<u>see</u> 3:00CV131).

Ultimately, this Court concluded that the petitioner's §2241 Petition, in fact, was a motion to vacate. Accordingly, on April 7, 2000, the petitioner's Petition was dismissed as a successive motion to vacate. The petitioner did not appeal that decision.

Rather, after waiting more than three years, on October 30, 2003, the petitioner returned to court in Florida and filed yet another Petition under §2241 in the United States District Court for the Southern District of Florida. That time, the petitioner argued that his due process rights were being violated by virtue

2

of his prison's use of his career offender designation in its decisions concerning his custody status.

Nevertheless, the Florida Court again construed the petitioner's §2241 Petition as one for relief under 28 U.S.C. §2255. Although the petitioner objected to that determination, the Florida Court rejected his challenge, and eventually transferred that matter to this Court for resolution (see 3:04CV275).

Not surprisingly, this Court again agreed with the Florida Court's conclusion that the subject Petition was actually a motion to vacate. Therefore, on July 9, 2004, the undersigned dismissed that Petition as successive motion to vacate.

That time, the petitioner appealed the Court's dismissal of his Petition. Once again, however, the Fourth Circuit affirmed this Court's decision by its mandate issued April 28, 2005.

Obviously undaunted by his total lack of success, on August 1, 2005, the petitioner returned to this Court and filed a document captioned as a "Motion [A]nd Prayer [F]or Relief," by which he continued his previous attack on his career offender designation (3:05CV344). Again, however, that pleading was construed as a motion to vacate, and on August 1, 2005, the undersigned dismissed the motion as successive. The petitioner did not appeal that decision.

Instead, the petitioner has returned to this Court and filed his fifth Motion to Vacate under 28 U.S.C. §2255 in yet another

attempt to challenge his career offender designation. In particular, by the instant Motion the petitioner argues that this Court committed "structural and statutory error" when it relied upon "extra-verdict enhancements under a mandatory Guideline" in order to sentence him as a career offender. Notwithstanding the petitioner's persistence, it is abundantly clear that the instant Motion must be summarily <u>dismissed</u>.

Indeed, as has been noted, this is the petitioner's fifth attempt to collaterally challenge the sentence which was imposed for his 1995 drug conviction. As such, the petitioner has recognized that his Motion could be construed as both successive <u>and</u> time-barred. Thus, in an attempt to overcome such findings, the petitioner argues, among other things, that he is proceeding under the recently announced ruling in <u>United States v. Booker</u>, 125 S.Ct. 738 (2005); that such ruling was not available when he filed his earlier challenges; and that to the extent the argument which he now raises could have been raised before, his attorney was ineffective for having failed to do so.

The question of timeliness aside, the instant Motion to Vacate simply cannot overcome the petitioner's failure to comply with the pre-authorization requirement set forth in 28 U.S.C. §2244. To be sure, the law is well settled that before a petitioner can bring a successive motion to vacate--such as the instant one, he first must obtain authorization to proceed with

4

that motion from the Fourth Circuit Court of Appeals.  See 28 U.S.C. §2244(3)(A).

Pertinent appellate records reflect that over the past ten years the petitioner has twice attempted to obtain the necessary pre-filing authorization, most recently by a Motion filed which he filed in the Fourth Circuit on March 22, 2005.  However, those records further reflect that the petitioner's attempts have been altogether unsuccessful.  Thus, because it is clear that the petitioner has not been authorized to file the instant Motion to Vacate, the same must be <u>dismissed</u> as successive.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the instant successive Motion to Vacate is **DISMISSED.**

**SO ORDERED.**

**Signed: January 13, 2006**

Graham C. Mullen
Chief United States District Judge